UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RITABEN ARUNKUMAR PATEL

v.

REKHA SALWI-MARTIN, d.b.a.
ArchAngels Eyebrow Threading

## COMPLAINT

### INTRODUCTION

This is a complaint brought by a Rhode Island Resident against another Rhode Island Resident for work performed in Fall River, Massachusetts. Plaintiff pleads that she is due amounts, in one alternative, as a contractor as the Defendant has failed to pay her. In the other alternative, Plaintiff claims that she is due wages from the Defendant, for her failure to make employer-based tax contribution, her failure to pay earned overtime, for failure to pay out earned tips and failure to pay at Plaintiff at the applicable hourly rate or minimum wage. These claims are brought under Massachusetts Contract Law, and alternatively, the Fair Labor Standards and general MGL c. 149 § 150.

### PARTIES

1.      The Plaintiff, Ritaben Arunkumar Patel (Patel) is a resident of the City of East Providence, County of Providence, State of Rhode Island at all times relevant hereto.

2.      The Defendant Rekha Salwi-Martin, d/b/a ArchAngels Eyebrow Threating, (Salwi) is a resident of the town of Narraganset, County of Washington, State of Rhode Island at all times relevant hereto.

### VENUE AND JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as a violation of the Fair Labor Standards Act, 29 U.S.C. § 207 and 29 U.S.C. § 203 are plead.

4. Venue is proper in the United States District Court for the State of Rhode Island under 28 U.S.C. § 1391 (b)(1) as both the Plaintiff and the Defendant are residents of this district.

5. This Court has supplemental jurisdiction over the plaintiff's state law claims under 28 U.S.C. § 1367 as they are factually related to the Plaintiff's other claims.

## FACTS COMMON TO ALL COUNTS.

6. At all times relevant hereto, the Defendant operates two locations of a business known as ArchAngels, with one location in Providence, Rhode Island and another branch in Fall River, Massachusetts.

7. From at least May 12, 2019, until on or about April 1, 2025, the Defendant Salwi had the Plaintiff perform eyebrow threading at Defendant's business in the City of Fall River, County of Bristol, Commonwealth of Massachusetts.

8. Defendant agreed that the Plaintiff would be paid:

    a. 30% to 40% of the amounts paid by Defendant's customers for services rendered by the Plaintiff at the Defendant's shop in Fall River, Massachusetts.

9. Defendant has not paid all sums due.

## COUNT I.
## BREACH OF CONTRACT UNDER MASSACHUSETTS LAW.
## IN ONE ALTERNATIVE PLEA

10. Plaintiff hereby realleges the allegations previously set forth as if set forth in full.

11. In one alternative, Plaintiff Pleads that she had a contract to provide services to the Defendant in the Defendant's location in Fall River, Massachusetts, and that the Defendant did

not pay the Plaintiff for $45,616 that is due her from May 12, 2019, to the present for services she provided to the Defendant and for which it enjoyed a benefit.

12. The Plaintiff has made demand for this payment.

13. The Defendant has not made payment to her and accordingly breached her contract with Plaintiff.

**WHEREFORE,** Plaintiff seeks payment from the Defendant of the amounts that are due her plus interest, cost and such other relief as this court may order.

**COUNT II**
**FAILURE TO PAY OVERTIME**
**MGL c. 151 § 1a and 29 U.S.C. § 207**
**In the alternative to Plaintiff's breach of contract claim**

14. The allegations in paragraphs one through nine are hereby realleged and incorporated by reference.

15. In the alternative, the Defendant misclassified the Plaintiff under both Massachusetts law and Federal Law as an independent contractor and owes her for wages under Federal and State law.

16. At all relevant times, the Plaintiff was:

    a. Working for the Defendant's business in Fall River, Massachusetts,

    b. Did not work for other employers and, did not work on her own trying to set up her own business until weeks or months before her termination,

    c. Had a continuing or ongoing relationship where Plaintiff performed services for the Defendant for more than 10 years,

    d. Working the hours scheduled by the Defendant,

    e. Performing services to client's scheduled by the Defendant,

    f. Had her rate of pay determined by the Defendant,

    g.    Performing task in the usual course of business performed by the Defendant,

    h.    Was not working in an independent trade, occupation, business or profession in that Plaintiff performed a vast majority of all services she performed threading eye-brows for the Defendant.

17. The Plaintiff also worked more than forty hours a week for the Defendant.

18. Between May 12, 2022, and May 12, 2025, Plaintiff estimates that she worked at least between forty-eight and seventy -hours of overtime that she was not paid for.

19. As a result, under Federal Law, Plaintiff claims that she is due at least $435 based on federal minimum wage for overtime.

20. Under Massachusetts General laws, Plaintiff claims that she is due $900 under Massachusetts minimum wage for overtime.

WHEREFORE, Plaintiff seeks judgment against the Defendant for overtime amounts not paid her plus attorney's fees, cost, and liquidated damages as provided for under Federal Law and under MGL c. 151 § 1a.

### COUNT III.
### FAILURE TO PAY REGULAR WAGES
### MGL c. 149 § 150
### In the alternative to Plaintiff's breach of contract claim.

21. The allegations in paragraphs one through nine and twelve to twenty are hereby realleged and incorporated by reference.

22. The Defendant failed to pay the Plaintiff all amounts that she earned as its employee from May 12, 2022, until April 1, 2025.

23. As a result, the Defendant owes to the Plaintiff at least $45, 616 for hours worked and wages not paid, and all amounts she is due for tips that were paid for Plaintiff's services and not paid to Plaintiff.

WHEREFORE, Plaintiff seeks judgment against the Defendant for regular wages earned and amounts not paid her plus attorney's fees, cost, and liquidated damages as provided for under MGL c. 149 § 150.

### COUNT IV.
### FAILURE TO PAY MINIMUM WAGES AS PROSCRIBED
### BY MGL c. 151 § 1 and the FLSA, 29 U.S.C. § 203 and MGL c. 149 § 150
### In the alternative to Plaintiff's breach of contract claim.

24. The allegations in paragraphs one through nine and twelve to twenty-three are hereby realleged and incorporated by reference.

25. The Defendant issued to the Plaintiff 1099 forms that indicate that she was paid:

    a.  $13, 499 in 2022

    b.  $15,552 in 2023

    c.  $17, 569 in 2024

26. Plaintiff was working between thirty-eight and forty hours on each week during that period, except during those periods she was working over forty hours a week.

27. Upon information and belief, Plaintiff was working at least fifty weeks a year in this period.

28. Assuming that the Plaintiff was working 38 hours a week for 50 weeks a year, Plaintiff should have been paid:

    a.  Under Federal Law: $7.25 hour x 38 hours x 50 weeks or $13,755 per year plus tips due her which she estimates to be at least $2,000 per year.

5

      i. For 2022 she alleges she is due approximately $2,256/52w *32 weeks or $1,388.31 for minimum wage.

  b. Under MGL c. 151 § 1 Plaintiff alleges she is due

      i. 2022 - $14.25 hour x 38 hours x 48 weeks for $27,075 plus tips due her which she estimates to be at least $2,000 for a total amount of $29,075 minus $15,552 paid for $13,523.00 due her for minimum wage.

      ii. 2023 - $15.00 hour x 38 hours x 48 weeks for $28,500 plus tips due her which she estimates to be at least $2,000 or $30,500 – 15,552.00 for $14,948 due her for minimum wage.

      iii. 2024- $15.00 hour x 38 hours x 48 weeks for $28,500 plus tips due her which she estimates to be at least $2,000 for a total of $30,500 - $17,568 paid or $12,932 due her for minimum wage.

WHEREFORE, Plaintiff seeks judgment against the Defendant for minimum wages earned and amounts not paid her plus attorney's fees, cost, and liquidated damages as provided for under MGL c. 149 § 150 and 29 U.S.C. § 203.

## COUNT V.
## FAILURE TO PAY INTO FEDERAL INSURACE CONTRABUTIONS ACT.
### In the alternative to Plaintiff's breach of contract claim.

29. The allegations in paragraphs one through nine and twelve to twenty-eight are hereby realleged and incorporated by reference.

30. As set forth above, the Defendant failed to pay the Plaintiff amounts that she was due for hours worked.

31.     Defendant also failed to pay the amount of Federal Insurance Contributions that it owed to the Plaintiff on all wages paid to her.

32.     As a result of this misclassification, the Defendant failed to pay Plaintiff wages as they came due under MGL c. 149 § 150.

WHEREFORE, Plaintiff seeks judgment against the Defendant for wages earned and amounts not paid her plus attorney's fees, cost, and liquidated damages as provided for under MGL c. 149 § 150.

PLAINTIFF HEREBY DEMANDS JURY TRIAL ON ALL COUNTS SO TRIABLE.

Plaintiff, by her attorney

/s/ Sonja L. Deyoe
Sonja L. Deyoe #1144813
Law Offices of Sonja L. Deyoe
395 Smith Street
Providence, RI 02908
(401) 864-5877
sld@the-straight-shooter.com